UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEYON JAQUE BROWN,

        Plaintiff,                    Case No. 2:16-cv-211

v.                                       Honorable Gordon J. Quist

UNKNOWN ISSARD, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Issard and Chapin.

The remaining Defendants are all Unknown Parties and cannot be served by the Court. Accordingly, Plaintiff will be permitted to amend his complaint within twenty-eight days to provide the name of at least one of the remaining Defendants, or he will face dismissal of this action without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (remanding to allow the plaintiff an opportunity to identify name of an officer from the named defendant but

noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant).

## Discussion

### I. Factual allegations

Plaintiff Keyon Jaque Brown, a state prisoner currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Deputy Warden Unknown Issard, Social Worker M. Chapin, and Unknown Parties, which are listed in Plaintiff's complaint as John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #6, John Doe #7, John Doe #8, John Doe #9, and John Doe #10.[1] Plaintiff alleges that on March 22, 2016, while he was confined at the Chippewa Correctional Facility (URF), Plaintiff began hearing voices. Plaintiff asked the officer to call Defendant M. Chapin. Defendant Chapin came to Plaintiff's cell, and Plaintiff explained his symptoms, requested medication, and clarified that he was not suicidal. Subsequently, the Sergeant came to Plaintiff's cell and asked for Plaintiff's property. Plaintiff refused. The Sergeant then called Defendant Issard, who gave the order to use a chemical agent on Plaintiff. The Sergeant summoned the extraction team. Once the extraction team arrived, the Sergeant opened the slot and sprayed the chemical agent into the cell. Plaintiff was removed from the cell and thrown to the ground. Plaintiff was handcuffed, his legs were held, and a shield was placed over Plaintiff's head with enough force that Plaintiff was unable to breathe. Officers then took all of Plaintiff's property and placed him back in the same cell, which had no ventilation system. Plaintiff asked if he could shower, but the Sergeant said "no."

Plaintiff was still hearing voices on March 23, 2016. Defendant Chapin returned to Plaintiff's cell and discontinued the suicide watch. Plaintiff asked for health care because he was having difficulty breathing. On March 29, 2016, Plaintiff was interviewed by another Sergeant. On

---

[1]Plaintiff fails to list a John Doe #5 in his complaint.

March 30, 2016, Plaintiff was sent to the Marquette Branch Prison. Plaintiff claims that he was left in his uncleaned cell and was exposed to the chemical agent for a period of nine days prior to his transfer. Plaintiff states that he was subsequently diagnosed as having asthma and was prescribed an inhaler. Plaintiff seeks damages and equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but

something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4.)

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's claim against Defendant Chapin appears to be based on the fact that she placed him on suicide watch despite the fact that Plaintiff told her that he was not suicidal. However, as noted above, mistakes and negligence do not rise to the level of an Eighth Amendment violation. Plaintiff fails to allege any facts suggesting that Defendant Chapin acted with the intent to punish Plaintiff. Plaintiff told Defendant Chapin that he was hearing voices prior to his placement on suicide watch. In addition, Defendant Chapin removed Plaintiff from suicide watch after 24

hours, apparently after determining that Plaintiff was not a danger to himself. Therefore, Defendant Chapin is properly dismissed from this action.

Plaintiff's claim against Defendant Issard is that he authorized the use of a chemical agent after Plaintiff refused to give up his property to comply with being on suicide watch. Claims involving the use of a chemical agent must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th

Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

In this case, Plaintiff alleged that he was hearing voices and was placed on suicide watch by Defendant Chapin, but Plaintiff refused to give up his property when instructed to do so by the Sergeant. Consequently, Defendant Issard okayed the use of a chemical agent in order to remove the property from Plaintiff's cell. Plaintiff's allegations fail to show that Defendant Issard's authorization of force was anything but a good-faith effort to maintain or restore discipline. The Court concludes that such allegations do not rise to the level of an Eighth Amendment violation. In addition, Plaintiff fails to allege that Defendant Issard had any involvement in the subsequent decision to deny Plaintiff a shower or to keep him in the same uncleaned cell for a period of nine days. Therefore, the Court will dismiss Defendant Issard from this action.

The Court finds that at this juncture, Plaintiff's claims regarding the failure to allow him to shower after being exposed to a chemical agent and his prolonged placement in the contaminated cell are sufficiently colorable to allow service of the complaint. However, the remainder of the Defendants in this case are Unknown Parties. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of the fictitious names of Jane and John Doe is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the Jane or John Doe to be discovered. *See, e.g.*, *Berndt v. Tennessee*, 796 F.2d 879, 882-94 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties); *Odum v. Knox Cnty.*, No. 89-5987, 1990 WL 57241, at *1 (6th Cir. 1990) (complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation). Plaintiff's action concerns several Corrections Officers and one Sergeant at URF, where Plaintiff was incarcerated at the time of the alleged incident. As this case presently stands

with no defendant's name, the court cannot order service. Accordingly, Plaintiff will be permitted to amend his complaint within twenty-eight (28) days to provide the name of at least one defendant currently listed in Plaintiff's complaint as a John Doe defendant, or his case will be dismissed without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (remanding to allow the plaintiff an opportunity to identify name of an officer, but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Issard and Chapin will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, Plaintiff shall have twenty-eight (28) days in which to file an amended complaint naming at least one defendant currently listed in Plaintiff's complaint as a John Doe defendant, or his case will be dismissed without prejudice.

An Order consistent with this Opinion will be entered.


Dated: January 23, 2017              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE