UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEYON JAQUE BROWN,

       Plaintiff,                         Case No. 2:16-CV-211

v.                                         HON. GORDON J. QUIST

SCOTT DAVIDSON, et al.,

       Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

On December 28, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Defendants' motion to motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. In particular, the magistrate judge concluded that a question of fact exists as to whether Plaintiff exhausted his claims at Steps II and III of the grievance process. (ECF 47 at PageID.211.) The magistrate judge noted that although Defendants argued that Plaintiff failed to exhaust his claims through Step III of the grievance process, Plaintiff presented evidence that he attempted to comply with the grievance procedure. In particular, Plaintiff said that he requested a Step II appeal form on or about April 7, 2016, by mailing a request to the grievance coordinator at the Kincheloe Correctional Facility. Plaintiff further stated that because he did not receive a response to his request for a form, he proceeded to Step III on or about May 3, 2016, but never received a response from the Director's Office. (*Id.*)

Defendants have filed objections to the R & R, and Plaintiff has filed a response. In their objections, Defendants concede that Plaintiff's response to their motion for summary judgment

supports that there may be a dispute of fact as to whether Plaintiff attempted to comply with the grievance process. They argue, however, that they are entitled to summary judgment because Plaintiff failed to present evidence that he complied with the MDOC's grievance process by filing at all three steps of the process.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Defendants' objections, Plaintiff's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' motion denied.

Initially, the Court notes that, contrary to Defendants' assertion, Plaintiff did submit an affidavit in response to Defendants' motion for summary judgment. Although it is true that Plaintiff did not include copies of what was sent pursuant to his disbursement requests, Plaintiff states in his affidavit that in his first request dated April 7, 2016, he requested a Step II form from the Kincheloe (URF) grievance coordinator, and in his May 3, 2016, request he sent a Step III appeal. (ECF No. 40 at PageID.187.)

As to Defendants' argument that Plaintiff failed to show that he properly exhausted, the Sixth Circuit has noted that "[w]hen a prisoner makes affirmative efforts to comply with the administrative grievance process but does not succeed, we analyze 'whether those "efforts to exhaust were sufficient under the circumstances."'" *Peterson v. Cooper*, 463 F. App'x 528, 529–30 (6th Cir. 2012) (quoting *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011) (quoting *Napier v. Laurel Cnty.*, 636 F.2d 218, 224 (6th Cir. 2011))). Construing the evidence in the light most favorable to Plaintiff, as the Court must do on a motion for summary judgment, *see Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011), Plaintiff's efforts were reasonable under the circumstances. That is, Plaintiff

requested a Step II form, and when the grievance coordinator failed to timely respond to Plaintiff's request, Plaintiff proceeded to file a Step III grievance. The Step III grievance report Defendants cite in their objections thus does not negate an issue of fact. Similarly, if Plaintiff's version is believed, Plaintiff was not required to return the Step II appeal form that was sent to Plaintiff in August 2016—months after Plaintiff had (by his account) already reasonably attempted to comply with the grievance process.

Therefore,

**IT IS HEREBY ORDERED** that the December 28, 2017, Report and Recommendation (ECF No. 47) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Exhaustion (ECF No. 36) is **DENIED**

Dated: March 2, 2018      /s/ Gordon J. Quist
                            GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE